CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
TERRA D. CASTILLO LAUGHTON (Bar No. 321683)
(E Mail: terra_laughton@fd.org)
Deputy Federal Public Defender
411 West Fourth Street, Suite 7110
Santa Ana, California  92701-4598
Telephone:  (714) 338-4500
Facsimile:  (714) 338-4520

Attorneys for Defendant
MARCO ANTONIO AGUAYO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 8:26-cr-00011-JWH |
| Plaintiff, | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE INDICTMENT OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS** |
| v. | |
| MARCO ANTONIO AGUAYO, | Hearing Date: March 27, 2026[1] |
| Defendant. | Hearing Time: 3:00 p.m. |

---

[1] The parties are currently discussing a possible stipulation to continue this hearing date and an agreed-upon briefing schedule.

Please take notice that on March 27, 2026 at 3:00 p.m., or as soon thereafter as counsel may be heard, in the courtroom of the Honorable John W. Holcomb, United States District Court Judge, defendant Marco Antonio Aguayo, through his attorney of record Deputy Federal Public Defender Terra Castillo Laughton, will and does hereby move this Court to dismiss the Indictment, pursuant to Rule 12 of the Federal Rules of Criminal Procedure and the First Amendment of the United States Constitution. In the alternative, Mr. Aguayo seeks a bill of particulars, pursuant to Rule 7 of the Federal Rules of Criminal Procedure and the Fifth and Sixth Amendments of the United States Constitution.

This motion is based upon the attached memorandum of points and authorities, the files and records in this matter, and any additional evidence and argument that may be presented at a hearing on this matter. The parties conferred telephonically and via email regarding this motion on February 24, 2026 and February 27, 2026. AUSA Barr Benyamin has indicated the government opposes this motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: February 27, 2026          By  /s/ Terra D. Castillo Laughton
                                      TERRA D. CASTILLO LAUGHTON
                                      Deputy Federal Public Defender

2

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................... 1

II. LEGAL STANDARD ......................................................................................... 1

III. ARGUMENT ..................................................................................................... 2

    A.    The Indictment should be dismissed for failure to state an offense because it does not list any statements, communications, or threats. .......... 2

    B.    Even if the Court looks to the Complaint to inform the bare-bones allegation in the Indictment, the Indictment should be dismissed because it purports to criminalize protected speech. ................................. 4

        1.    The Indictment must satisfy the First Amendment. ......................... 4

        2.    None of the communications at issue constitutes a "true threat." ..... 5

    C.    At a minimum, the Court should order a bill of particulars. ....................... 7

IV. CONCLUSION ................................................................................................... 8

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Counterman v. Colorado,*
   600 U.S. 66 (2023)................................................................................4, 6, 7

*Hamling v. United States,*
   418 U.S. 87 (1974).......................................................................................3

*McDonald v. Smith,*
   472 U.S. 479 (1985).....................................................................................5

*United States v. Ayers,*
   924 F.2d 1468 (9th Cir. 1991).....................................................................2

*United States v. Bachmeier,*
   8 F.4th 1059 (9th Cir. 2021)........................................................................4

*United States v. Bagdasarian,*
   652 F.3d 1113 (9th Cir. 2011)................................................................5, 6, 7

*United States v. Buddenberg,*
   2010 WL 2735547 (N.D. Cal. July 12, 2010) ..........................................3, 7

*United States v. DiCesare,*
   765 F.2d 890 (9th Cir. 1985) .......................................................................2

*United States v. Giese,*
   597 F.2d 1170 (9th Cir. 1979) .....................................................................7

*United States v. Kahlon,*
   38 F.3d 467 (9th Cir. 1994) .........................................................................1

*United States v. Lyle,*
   742 F.3d 434 (9th Cir. 2014) .......................................................................5

*United States v. Omer,*
   395 F.3d 1087 (9th Cir. 2005) .....................................................................3

*United States v. Wagner,*
   1984 U.S. Dist. LEXIS 20481 (N.D.N.Y. 1984)..........................................3

ii

*Virginia v. Black,*
538 U.S. 343 (2003)..................................................................................................4, 5, 7


**Federal Statutes**

18 U.S.C. § 871(a) ...........................................................................................*passim*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Indictment charges Defendant Marco Antonio Aguayo with one count of threatening Vice President J.D. Vance, in violation of 18 U.S.C. § 871(a).  ECF No. 19.  But the charging document fails to list a single statement or threat.  It is therefore facially invalid and should be dismissed for failure to state an offense.

If the Court looks beyond the Indictment to the more detailed Complaint, it becomes clear that this prosecution is based on three posts Mr. Aguayo allegedly made on Instagram, all of which are protected speech.  ECF No. 1.  Because none of the communications for which Mr. Aguayo is charged constitutes a "true threat" as required by the First Amendment, the Court should dismiss the Indictment with prejudice.

At a minimum, the Court should order the government to provide a bill of particulars so that Mr. Aguayo can fairly litigate the First Amendment issues presented and properly defend his case.[2]

## II. LEGAL STANDARD

Under Rule 12, a motion to dismiss may be based on "any defense, objection, or request that the court can determine without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).  For example, Rule 12 authorizes a motion to dismiss for failure to state an offense and for lack of jurisdiction.  Fed. R. Crim P. 12(b)(3)(B)(v); Fed. R. Crim. P. 12(b)(2).  "Jurisdictional claims permitted under Rule 12(b) include allegations that 'the applicable statute is unconstitutional or that the indictment fails to state an offense.'"  *United States v. Kahlon*, 38 F.3d 467, 469 (9th Cir. 1994) (quoting *United*

---

[2] Because this motion is being filed within 14 days of Mr. Aguayo's arraignment on February 17, 2026, ECF No. 23, leave of court is not required to request a bill of particulars.  *See* Fed. R. Crim. P. 7(f) ("The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits.").

1

*States v. Montilla*, 870 F.2d 549, 552 (9th Cir. 1989), *amended*, 907 F.2d 115 (9th Cir. 1990)).

Under Rule 7, the court "may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). "A bill of particulars is appropriate when the indictment is insufficient to permit the preparation of an adequate defense." *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985), *amended*, 777 F.2d 543 (9th Cir. 1985). It serves several purposes: "[1] to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial; [2] to avoid or minimize the danger of surprise at the time of trial, and [3] to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991) (quoting *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)).

**III. ARGUMENT**

    **A.**    **The Indictment should be dismissed for failure to state an offense because it does not list any statements, communications, or threats.**

The Indictment charges Mr. Aguayo with violating Section 871(a) as follows:

> On or about July 12, 2025, in Los Angeles County,[3] within the Central District of California, defendant MARCO ANTONIO AGUAYO knowingly and willfully issued statements which contained threats to take the life of and inflict bodily harm upon the Vice President of the United States of America.

---

[3] This appears to be a typo. The alleged offense conduct occurred in Orange County, not Los Angeles County. *See* ECF No. 20 (Case Summary).

2

ECF No. 19; *see also* 18 U.S.C. § 871(a).  These 47 words—which simply parrot the language of the statute—are the entirety of the Indictment.  The document fails to identify a single statement or threat.

The omission of an essential element of the offense is "a fatal flaw requiring dismissal of the indictment." *United States v. Omer*, 395 F.3d 1087, 1088 (9th Cir. 2005).  While the language of the charged statute "may be used in the general description of an offence, . . . it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117–18 (1974).

Applying these principles to a case involving protests by animal rights advocates, the court in *United States v. Buddenberg* dismissed an indictment for failure to allege any specific threats.  2010 WL 2735547, at *1 (N.D. Cal. July 12, 2010).  There, defendants were charged with, among other things, conspiring to damage and interfere with the operations of an animal enterprise by engaging in threats, trespass, harassment and intimidation at bio-medical researchers' homes. *Id.* at *4.  The government provided a bill of particulars and 3,000 pages of discovery, but the defendants still challenged the level of specificity in the indictment. *Id.* at *1.  The court found that "[i]n order for an indictment to fulfill its constitutional purposes, it must allege facts that sufficiently inform each defendant of what it is that he or she is alleged to have done that constitutes a crime." *Id.* at *6.  This is especially important, the court noted, "where the species of behavior in question spans a wide spectrum from criminal conduct to constitutionally protected political protest." *Id.*; *see also United States v. Wagner*, 1984 U.S. Dist. LEXIS 20481 (N.D.N.Y. 1984) (dismissing information where defendant was charged with, by threat of force, endeavoring to intimidate or impede an IRS agent because "identification of the threat [was] necessary").

Similarly here, the Indictment fails to inform Mr. Aguayo of the specific offense for which he is charged because it fails to identify the "statements which contained

3

threats" that he allegedly made. ECF No. 19. In this District, it is common for indictments in threats cases to allege the specific statements that form the basis for the charges. *See* Ex. 1 attached hereto (examples of indictments). The government failed to follow that practice here. Under the authorities discussed above, that failure is fatal and the Indictment should be dismissed for failure to state an offense. *See* Fed. R. Crim. P. 12(b)(3)(B)(v).

**B.  Even if the Court looks to the Complaint to inform the bare-bones allegation in the Indictment, the Indictment should be dismissed because it purports to criminalize protected speech.**

1.  <u>The Indictment must satisfy the First Amendment.</u>

Although the Indictment fails to specify any statements allegedly made by Mr. Aguayo, by its own terms, the charge is comprised entirely of speech. ECF No. 19 (alleging that Mr. Aguayo "issued statements which contained threats"). As is true with any criminalization of pure speech, Section 871(a), as applied to Mr. Aguayo, must therefore "be interpreted with the commands of the First Amendment clearly in mind." *Watts v . United States*, 394 U.S. 705, 707 (1969).

Under the First Amendment, each of the communications upon which the Indictment is based must be a "true threat." *See United States v. Bachmeier*, 8 F.4th 1059, 1064 (9th Cir. 2021) ("[T]he First Amendment allows criminalizing threats only if the speaker intended to make 'true threats.'"); *see also Virginia v. Black*, 538 U.S. 343, 344 (2003) ("Intimidation in the constitutionally proscribable sense of the word is a type of true threat, where a speaker directs a threat to a person or group of persons with the intent of placing the victim in fear of bodily harm or death.").

As the Supreme Court recently reaffirmed in *Counterman v. Colorado*, "[t]rue threats are 'serious expression[s]' conveying that a speaker means to 'commit an act of unlawful violence.'" 600 U.S. 66, 74 (2023) (quoting *Black*, 538 U.S. at 359). "The 'true' in that term distinguishes what is at issue from jests, 'hyperbole,' or other statements that when taken in context do not convey a real possibility that violence will

follow (say, 'I am going to kill you for showing up late')." *Id.* (citing *Watts*, 394 U.S. at 708). Thus, a "true threat" has at least four distinct requirements: it must be (1) a threat, (2) that is serious, and (3) that threatens unlawful violence (4) by the speaker. *Id.*

### 2. None of the communications at issue constitutes a "true threat."

If the Court looks beyond the Indictment, the Complaint identifies the following three statements allegedly made by Mr. Aguayo:[4]

- "Pipe bombs have been placed in preparation for J.D. Vance's arrival" ("Statement 1");
- "It's time for us to rise up and you will be a witness to it" ("Statement 2");
- "Good luck finding all of them on time there will be bloodshed tonight and we will bathe in the blood of corrupt politicians" ("Statement 3").

ECF No. 1 at p.3, ¶5(a)-(c). As explained below, none of these communications satisfies the "true threats" standard, for multiple reasons.

*First*, Statement 2 does not connote violence in any way. It refers to "ris[ing] up," which speaks to political protest, activity which is separately protected under the Petition Clause of the First Amendment. *See generally McDonald v. Smith*, 472 U.S. 479, 483 (1985) ("[T]he values in the right of petition as an important aspect of self-government are beyond question . . . ."). There is no indication in Statement 2 that it relates in any way to "unlawful violence." *Black*, 538 U.S. at 359.

*Second*, Statements 2 and 3 are not threats at all; at most, they are predictions. The court's analysis in *United States v. Bagdasarian*, 652 F.3d 1113 (9th Cir. 2011), is instructive. There, the Ninth Circuit reversed a defendant's conviction for threatening to kill or harm a major presidential candidate because statements the defendant posted

---

[4] In general, when analyzing a motion to dismiss for failure to state an offense, the Court is limited to the four corners of the Indictment. *See, e.g., United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014). However, for efficiency and because application of First Amendment case law to the alleged threats at issue is clear, this motion discusses the three threats identified in the Complaint.

online regarding President Obama shortly before his election, while "alarming" and "repugnant," did not constitute "true threats." *Id.* at 1115, 1120. In reaching this conclusion, the Court reasoned that the statement "Obama fk the n[*], he will have a 50 cal in the head soon" was not a threat because it was "a prediction" and "convey[ed] no explicit or implicit threat on the part of [the defendant] that he himself will kill or injure Obama." *Id.* at 1119. Similarly, the Court found that the provocation "[S]hoot the n[*]" was not a threat but rather "an imperative intended to encourage others to take violent action, if not simply an expression of rage or frustration." *Id.*

Similarly here, the language in Statement 3—that "there *will be* bloodshed" and "we *will bathe* in the blood of corrupt politicians"—constitutes, at most, predictions. (Emphasis added.) These phrases do not convey any explicit or implicit threat on the part of the speaker that he intends to kill or injure Vice President Vance. Nor is it even clear this statement relates to Vice President Vance, as it simply refers in generic terms to "corrupt politicians." Moreover, the reference to "bath[ing] in the blood" of such politicians is clearly hyperbolic and fails to qualify as a true threat for that reason as well. *See Counterman*, 600 U.S. at 74 (hyperbole is not a "true" threat).

Statement 2—asserting that "you will be a witness to" an uprising—is, like Statement 3, predictive and therefore not a true threat. As noted above, this statement is also non-violent and far less serious than the statement in *Bagdasarian* that President Obama "will have a 50 cal in the head soon." 652 F.3d at 1119. Notably, unlike in *Bagdasarian*, where investigators found six firearms in the defendant's home (including a .50 caliber muzzle-loading rifle, along with .50 caliber ammunition), *id.* at 1116, no weapons were found when officers searched Mr. Aguayo's apartment where he lives with his family.

*Third*, none of the three statements contains any explicit or implicit threat by Mr. Aguayo that *he specifically* will take any particular action—let alone a violent one. For example, Statement 1 ("[p]ipe bombs have been placed") is an abstract statement. It describes a purported factual scenario in passive voice, without tying it to any specific

6

actor, timeline, target, or intended future conduct.  This cannot form the basis of a criminal charge without running afoul of the First Amendment.  *See, e.g.*, *Counterman*, 600 U.S. at 74; *Bagdasarian*, 652 F.3d at 1119.  The same is true for Statements 2 and 3; even if they threatened violence (which they do not), they lack any threat that *Mr. Aguayo*—the alleged speaker—will act in a specific way.

In other words, these statements do not communicate a "*serious* expression" of intent to commit violence or "convey a *real possibility* that violence will follow"; the messages are therefore not a "true threat."  *Black*, 538 U.S. at 359 (emphasis added); *Counterman*, 600 U.S. at 74 (emphasis added).

\*        \*        \*

Because none of the three statements included in the Complaint qualifies as a "true threat," the charge against Mr. Aguayo runs afoul of the First Amendment.  The Indictment must therefore be dismissed.

**C.     At a minimum, the Court should order a bill of particulars.**

If the Court determines that it cannot decide the First Amendment issues at this stage, then a bill of particulars is necessary so that Mr. Aguayo can adequately challenge the Indictment and, if necessary thereafter, prepare for trial.  *See Buddenberg*, 2010 WL 2735547, at \*4 (indictment that does not allege "what the statements were or course of conduct was . . . preclud[es] any meaningful review of the legal sufficiency of the charged conduct."); *Giese*, 592 F.2d at 1180; Fed. R. Crim. P. 7(f).

Specifically, Mr. Aguayo requests that the government identify, at a minimum, the following:

- The specific writings, statements, or electronic communications allegedly made by Mr. Aguayo that fall within 18 U.S.C. § 871(a) and form the basis for the single-count Indictment.

7

## IV. CONCLUSION

For the foregoing reasons, Mr. Aguayo respectfully requests that the Court dismiss the Indictment for failure to state an offense and/or pursuant to the First Amendment.  At a minimum, Mr. Aguayo requests that the Court require the government to provide a bill of particulars.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: February 27, 2026          By   /s/ Terra D. Castillo Laughton
                                  TERRA CASTILLO LAUGHTON
                                  Deputy Federal Public Defender

8